Bingham McCutchen LLP
WILLIAM F. ABRAMS (SBN 88805)
william.abrams@bingham.com
1900 University Avenue
East Palo Alto, CA 94303-2223
Telephone: 650.849.4400; Fax: 650.849.4800

JEFFREY ROSENFELD (SBN 221625)
jeffrey.rosenfeld@bingham.com
1620 26th St., Fourth Floor, North Tower
Santa Monica, CA 90404
Telephone: 310.907.1000; Fax: 310.907.2000

JOSHUA M. DALTON (*pro hac vice*)
joshua.dalton@bingham.com
One Federal Street
Boston, MA 02110
Telephone: 617.951.8000; Fax: 617.951.8736

*Attorneys for Plaintiff and Counter Defendant Magic Brothers Associate, Inc. and Counter-Defendant Magic Ulferts LLC*

Weissmann Wolff Bergman Coleman Grodin & Evall, LLP
MARVIN GELFAND (SBN 53586)
mgelfand@wwllp.com
9665 Wilshire Blvd., Ninth Floor
Beverly Hills, Ca 90212
Telephone: 310.858.7888; Fax: 310.550.7191

*Attorneys for Defendant and Cross-Complainant KOI GROUP, INC.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGIC BROTHERS ASSOCIATE, INC.<br><br>           Plaintiff,<br>     v.<br><br>KOI GROUP INC.<br><br>           Defendant.<br><br>AND RELATED COUNTERCLAIMS | No. 2:10-cv-00973-VBF-JC<br><br>**ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL INFORMATION [CHANGES MADE BY COURT]** |

A/74017179.1/3002288-0000343585                1

IT IS HEREBY ORDERED AS FOLLOWS:

1. This Stipulation and Order Governing the Treatment of Confidential Information (the "Stipulated Protective Order") shall govern the disclosure and use of Confidential Discovery Material (as defined below) and all other discovery material as applicable) provided during the course of this Action by the Parties (or by non-parties who agree in writing to be bound by the terms of this Order), either voluntarily or as required by discovery demands made pursuant to the Federal Rules of Civil Procedure.

2. Nothing in this Stipulated Protective Order shall apply to documents, information, material, or any portion thereof obtained by any Party on a non-confidential basis from an unrelated person or entity ("Independently Obtained Documents"), provided that if an Independently Obtained Document duplicates, in whole or in part, documents produced to the Party and designated as Confidential Discovery Material, and the Independently Obtained Document was obtained directly or indirectly by the unrelated person or entity as a result of discovery from any party or affiliated entity in litigation involving any party or affiliated entity, such Independently Obtained Document, or the duplicative portion thereof shall be treated by the Party as Confidential Discovery Material.  Nothing in this paragraph shall be deemed to relieve any unrelated party or entity from complying with its obligations under any agreement or court order that is otherwise applicable to that person or entity.

3. As used in this Stipulated Protective Order, "person" includes any individual, entity, natural person, or any business, legal or governmental entity or association.  "Producing Person" refers to any person that produces discovery material.  "Receiving Person" refers to any person that receives discovery material subject to this Stipulated Protective Order.

4. This Stipulated Protective Order designates as "Confidential Discovery Material" documents or discovery responses that may be produced

during discovery that are designated either "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION--ATTORNEYS' EYES ONLY" ("CONFIDENTIAL INFORMATION" and "HIGHLY CONFIDENTIAL INFORMATION--ATTORNEYS' EYES ONLY" are collectively referred to as "Confidential Discovery Material").

5. As used in this Stipulated Protective Order, "Confidential Information" means any information, whether or not embodied in any physical medium, used by the Producing Party in or pertaining to his or its business that the Producing Party believes in good faith is not generally known in the Producing Party's industry. Any summary, compilation, or copy of any Confidential Information shall also constitute Confidential Information.

6. As used in this Stipulated Protective Order, "Highly Confidential Information--Attorneys' Eyes Only" means any Confidential Information that the Producing Party believes in good faith contains or constitutes that party's sensitive confidential information or other such proprietary information such that disclosure of such information may result in competitive injury to the producing party (other than such harm that might arise from it being adverse evidence in this Action or a related litigation). Any summary, compilation, or copy of any Highly Confidential Information--Attorneys' Eyes Only shall also constitute Highly Confidential Information--Attorneys' Eyes Only.

7. All documents designated as Confidential Discovery Material shall be so designated, by Bates range, in a letter accompanying their production to a Party, by stamping the media in which the documents are transmitted, or by stamping the first page of a document "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION--ATTORNEYS' EYES ONLY. " Documents may be designated as Confidential Discovery Material at any time. Without limiting the foregoing sentence in any way, a Party may designate a document as CONFIDENTIAL or "HIGHLY CONFIDENTIAL INFORMATION--

1  ATTORNEYS' EYES ONLY" after it was earlier produced without such a
2  designation, and such production, in and of itself, shall not prejudice or otherwise
3  constitute a waiver of, or estoppel as to, any claim of confidentiality to which the
4  Producing Person would otherwise be entitled.  Any documents designated as
5  Confidential Discovery Material prior to entry of this Order shall be treated the
6  same in all respects as documents designated as Confidential Discovery Material
7  after the entry of this Order.  This Order also treats as Confidential Discovery
8  Material oral communications designated as confidential either orally (provided
9  that such designation was recorded by a court reporter) or in writing.

10         8.    Materials shall not be designated as Confidential Discovery Material
11 for tactical reasons in this case and nothing shall be so designated without a good
12 faith belief that there is good cause why it should not be part of the public record in
13 this case.

14         9.    Confidential Discovery Material also includes those portions of any
15 notes, work papers or other work product that contain confidential information
16 from documents designated as Confidential Discovery Material without the need
17 for a separate confidential designation on the notes, work paper, or other work
18 product.

19         10.   If discovery material is inspected at the Producing Person's choice of
20 location, all such discovery material shall be presumed at such inspection to have
21 been designated as Confidential Discovery Material by the Producing Person until
22 such time as the Producing Person provides copies to the Party that requested the
23 discovery material.  Production of Confidential Discovery Material for inspection
24 and copying shall not constitute a waiver of confidentiality.

25         11.   Confidential Discovery Material shall be subject to the following
26 restrictions:
27              (a)   Confidential Discovery Material shall be used solely for the
28 purpose of preparing for, and conducting, the prosecution or defense of this Action,

including any appeals thereof, and shall not be used by the Parties or any other person for any commercial, business, competitive or other purpose.

(b) Absent further Order of the Court, Confidential Discovery Material shall not be given, shown, made available or communicated in any way to anyone except those persons specified in subparagraph (c) below to whom it is necessary that such Confidential Discovery Material be given or shown for the purposes permitted under subparagraph (a) above.

(c) Absent further Order of the Court, Confidential Discovery Material may be disclosed, for the purposes set forth in subparagraph (a) above, only to a "Qualified Person," defined as follows:

(i) For documents designated as "CONFIDENTIAL INFORMATION"

(A) counsel of record for the Parties, and attorneys, paralegal, clerical and other staff employed or retained by such counsel who are assisting in the conduct of the Action;

(B) those officers, directors, and representatives (including legal representatives) of the Parties deemed necessary to aid counsel in the conduct of the Action;

(C) such consultants, experts, and investigators (including their professional staffs) retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of the Action;

(D) the Court, court personnel, and jurors, potential jurors or alternate jurors;

(E) court reporters and videographers used in connection with the conduct of this Action;

(F) outside photocopying, graphic production services, litigation support services, and document hosting vendors retained by the Parties,

1  or their respective counsel, as they in good faith deem necessary to provide
2  assistance in connection with the conduct of the Action;
3       (G)  persons who are or were authors or recipients of
4  the Confidential Discovery Material; and
5       (H)  During the course of a deposition to the person
6  whose deposition is being taken, provided that the following procedure is
7  followed:
8       (1)  Prior to showing the Confidential
9  Information to the witness, the party's counsel shall show the information to the
10 opposing counsel (i.e., counsel for the party designating the document as
11 Confidential).
12      (2)  In response to such notice, the opposing
13 party may object to disclosure of the Confidential Information (the "Challenged
14 Material") on the record and (at the opposing party's option) outside the presence
15 of the deponent or any other person not authorized to see the document hereunder.
16 Upon such objection, the party opposing disclosure may apply to the Court for a
17 protective order utilizing the procedures set forth under Local Rules 37-1 et seq.
18 The Challenged Material will not be shown to the deponent, pending the Court's
19 ruling on such motion.  The Challenged Material will be treated as Confidential
20 Information, pending the Court's ruling on such motion.
21      (3)  At the request of the opposing party, all
22 persons other than the deponent, stenographer or videographer, and persons
23 described in this Section, shall be excused from the deposition during the time that
24 the Confidential Information is being disclosed or discussed in the deposition and
25 all such testimony will be treated as Confidential.
26      (4)  The deponent shall not be permitted to take
27 in his or her possession any copies of any Confidential Information.
28

1         (ii)    For documents designated as "HIGHLY
2                  CONFIDENTIAL INFORMATION--ATTORNEYS'
3                  EYES ONLY"

        (A)    counsel of record for the Parties, and attorneys, paralegal, clerical and other staff employed or retained by such counsel who are assisting in the conduct of the Action;

        (B)    such consultants, experts, and investigators (including their professional staffs) retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of the Action;

        (C)    the Court, court personnel, and jurors, potential jurors or alternate jurors;

        (D)    court reporters and videographers used in connection with the conduct of this Action;

        (E)    outside photocopying, graphic production services, litigation support services, and document hosting vendors retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of the Action;

        (F)    persons who are or were authors or recipients of the Confidential Discovery Material; and

        (G)    During the course of a deposition to the person whose deposition is being taken, provided that the following procedure is followed:

                (1)    Prior to showing the Highly Confidential Information to the witness, the party's counsel shall show the information to the opposing counsel (i.e., counsel for the party designating the document as Confidential or Highly Confidential).

(2) In response to such notice, the opposing party may object to disclosure of the Highly Confidential Information (the "Challenged Material") on the record and (at the opposing party's option) outside the presence of the deponent or any other person not authorized to see the document hereunder. Upon such objection, the party opposing disclosure may apply to the Court for a protective order utilizing the procedures set forth in Local Rules 37-1 et seq. The Challenged Material will not be shown to the deponent, pending the Court's ruling on such motion. The Challenged Material will be treated as Highly Confidential Information, pending the Court's ruling on such motion.

(3) At the request of the opposing party, all persons other than the deponent, stenographer or videographer, and persons described in this Section, shall be excused from the deposition during the time that the Highly Confidential Information is being disclosed or discussed in the deposition and all such testimony will be treated as Highly Confidential.

(4) The deponent shall not be permitted to take in his or her possession any copies of any Highly Confidential Information.

(d) Counsel in this Action may render advice to their clients, and, in the course thereof rely generally on Highly Confidential Information--Attorneys' Eyes Only, but only in a manner that conveys the general nature of the Highly Confidential Information--Attorney's Eyes Only without conveying the specific facts contained therein.

12. Except for Qualified Persons defined in subsections 11(c)(i)(D), 11(c)(i)(E), 11(c)(i)(F), 11(c)(ii)(C), 11(c)(ii)(D), and 11(c)(ii)(E), each person described in subparagraph 11(c) to whom Confidential Discovery Material is disclosed shall first be advised that such Confidential Discovery Material is being disclosed pursuant and subject to the terms of this Stipulated Protective Order and that Confidential Discovery Material may not be disclosed other than pursuant to

the terms hereof.  Prior to disclosing Confidential Discovery Material to any person described in subparagraph 11(c)(i)(C) or 11(c)(ii)(B) above, counsel shall cause each such person to execute a Certificate in the form annexed hereto as Exhibit A.  Counsel shall be responsible for retaining executed certificates.

13. If any Receiving Person inadvertently discloses Confidential Discovery Material to persons who are not Qualified Persons, such disclosure shall be reported in writing, via overnight delivery service or email, to the Producing Person who produced such inadvertently disclosed Confidential Discovery Material within three (3) business days of the discovery of such disclosure.  In that event, counsel for the Receiving Person shall make all reasonable efforts to retrieve the Confidential Discovery Material and to obtain the agreement of persons to whom inadvertent disclosure was made to treat the Confidential Discovery Material in accordance with the terms of this Stipulated Protective Order.

14. Information or testimony disclosed at a deposition may be designated as Confidential Discovery Material by the person providing such testimony, by a Party, or by a Producing Person if such person either:

(a) identifies on the record at the deposition those portions of the testimony that are designated as Confidential Discovery Material or

(b) provides written notification to all Parties within thirty (30) days of the court reporter's release of the transcript of the deposition as to those pages and lines of the transcript that are designated as Confidential Discovery Material.  Except to the extent the Parties otherwise agree, the entire transcript of any deposition shall be treated as Confidential Discovery Material until thirty (30) days after the court reporter's release of the transcript of the deposition.  Each page of a deposition transcript designated as Confidential shall be stamped, as set forth in paragraph 9 above, by the court reporter or by counsel  If counsel for any Party believes that a question put to a witness being examined in pretrial deposition will disclose Confidential Discovery Material, or that the answer to any question or

1   questions requires such disclosure or if documents to be used as exhibits during the
2   examination contain such Confidential Discovery Material, such counsel may so
3   notify requesting counsel, and, in that event, that portion of the deposition shall be
4   taken in the presence only of counsel, parties to the Litigation, the court reporter,
5   video operator and their assistants, and persons who have signed a receipt
6   acknowledging the receipt of this Stipulated Protective Order.  The court reporter
7   shall indicate in the transcript the portion of the transcript that is to be kept
8   confidential, and shall mark the cover page of the transcript accordingly.

9        15.   In the event that any person discloses Confidential Discovery Material
10  in any pleading, court filing, attachment or exhibit thereto, or other papers filed
11  with the Court pre-trial, the disclosing person shall submit the confidential
12  information for conditional filing under seal with the Clerk of this Court pursuant
13  to Local Rule 79-5; provided, however, that the paper shall be furnished to the
14  Court and the attorneys for the Parties and a duplicate copy with the confidential
15  information deleted will be placed in the public record insofar as possible.  The
16  Parties understand that designation of materials as Confidential Discovery Material
17  does not automatically entitle the Parties to have such information kept under seal
18  and that any submission of documents under seal should seek to file under seal
19  only those portions of the documents that contain confidential information, *see,*
20  *e.g., Kamakana v. City & County of Honolulu*, 447 F 3d 1172, 1178-81 (9th Cir.
21  2006), and should be made to the judicial officer presiding over the proceedings in
22  question. This Stipulated Protective Order does not address the use of Confidential
23  Discovery Material for use at trial.  The Parties agree to meet and confer regarding
24  use of Confidential Discovery Material in connection with trial and to raise the
25  issue with the Court at an appropriate time.

26       16.   No Party concedes that any discovery material designated by any
27  other person as Confidential Discovery Material under any provision of this
28  Stipulated Protective Order in fact contains or reflects trade secrets, proprietary or

1  confidential information, or has been properly designated as Confidential
2  Discovery Material, and entering into this Stipulated Protective Order shall not
3  prejudice the right of a Party to seek, at any time, a determination by the Court of
4  whether any particular document or information should be subject to the terms of
5  this Stipulated Protective Order.

6      17.   A Receiving Person shall not be obliged to challenge the propriety of
7  a designation of documents or other material as Confidential Discovery Material at
8  the time made, and failure to do so shall not preclude a subsequent challenge
9  thereof.  If at any time a Receiving Person objects to a Confidential Discovery
10 Material designation under this Stipulated Protective Order, the Objecting Party
11 shall notify the Producing Person in writing. The Objecting Party shall identify the
12 information in question and shall specify in reasonable detail the reason or reasons
13 for the objection, and shall otherwise comply with Local Civil Rule 37-1.  Within
14 ten (l0) calendar days of the receipt of such written notice, the Producing Person
15 and Objecting Party shall meet-and-confer in an effort to resolve their differences.
16 If the disagreement cannot be resolved, the Producing Person may apply to the
17 Court within ten (10) calendar days for a protective order affirming the Producing
18 Person's Confidential Discovery Material designation.  The application of the
19 Producing Person shall comply with Local Civil Rules 37-2 and 37-3, and the
20 Producing Person shall have the burden of demonstrating that the document or
21 material designated as Confidential Discovery Material is deserving of confidential
22 treatment or other protection under the terms of this Stipulated Protective Order.  If
23 the Producing Person does not make such an application to the Court, the
24 documents or material to which an objection was directed will no longer be
25 considered Confidential Discovery Material under this Stipulated Protective Order.
26 While any such application is pending, the documents or material subject to that
27 application will remain Confidential until the Court rules.
28

18. In the event that the Court determines that there is an actual or threatened breach of the agreement by a Receiving Person, the Parties agrees that the Producing Person would not have an adequate remedy at law and would be entitled to specific performance and/or injunctive relief to enforce the terms of this Stipulated Protective Order, in addition to any other remedy the party may be entitled at law or in equity.

19. If any Receiving Person (a) is subpoenaed in another action, or (b) is served with a demand in another action to which he, she, or it is a party, seeking Confidential Discovery Material under this Stipulated Protective Order, the Receiving Person shall give written notice, by hand or by e-mail, within three (3) business days of receipt of such subpoena or demand to those who produced or designated the discovery material as Confidential. The Producing Person shall be responsible for seeking a protective order or similar court-ordered relief to prevent the requested production. Should the Producing Person seek a protective order or similar court ordered relief before the deadline by which the Receiving Party is otherwise legally required to produce the subpoenaed/demanded documents, then the Receiving Person shall not produce any of the Producing Person's Confidential Discovery Material, until a final decision that is no longer subject to appellate review orders such production, provided that the Producing Party has filed a Notice of Appeal or Motion for permission to Appeal from a lower court order not later than thirty (30) days after Notice of Entry of that order is served.

20. Upon notification that a document or other discovery material has been inadvertently produced and/or that a claim of attorney-client privilege, attorney work product, or other applicable privilege or protection will be made with regard to such document or other discovery material, the party receiving such notice shall promptly return or, at the Producing Person's option, destroy any and all copies of such document or other discovery material and shall refrain from reading or reviewing said document or discovery material beyond the extent

necessary to identify it as the inadvertently produced material, or from utilizing it in any manner or form including specifically but not exclusively, use during the course of a deposition, review with witnesses, or any other disclosure or review whatsoever. The Receiving Person shall also remove all references to such material from any attorney work product together with notification of inadvertent production, the Producing Person shall supply a privilege log to the Receiving Person describing said document or other discovery material in compliance with Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure. The inadvertent production of any document or discovery that is subsequently retrieved or destroyed pursuant to this paragraph shall not be deemed to be a waiver of the claim of privilege or protection asserted. Notwithstanding the foregoing, nothing in this paragraph shall prevent a Receiving Person, after promptly returning or destroying the discovery material, from challenging the Producing Person's designation of the document or discovery as subject to attorney-client privilege, attorney work product, or other applicable privilege or protection or otherwise not subject to production, provided that (a) such challenge complies with Local Rules 37-1 through 37-4, (b) any review by the Court of the materials in question is conducted in camera, and (c) the challenge shall not assert as ground or basis that the Producing Person waived any privilege or protection because of the inadvertent disclosure.

21.  This Stipulated Protective Order shall be without prejudice to the rights of a Producing Person to seek further limits on disclosure or protections for the confidentiality of any discovery material (whether or not designated as Confidential) in addition to the limits and protections provided herein, including, without limitation, that access or disclosure of any discovery material be limited solely to counsel for a Party or to other specified persons and without prejudice to the rights of any other person to contest such application.

22. Other parties to this Litigation, including any additional parties that join or are joined in this Litigation, may have access to Confidential Discovery Material only by additional order of the Court or by the party's executing and filing with the Court a stipulation agreeing to be fully bound by this Stipulated Protective Order. Third parties providing discovery materials in response to a subpoena may gain the benefits of this Order with respect to any documents or discovery materials they produce by executing a Certificate in the form annexed hereto as Exhibit A; by so signing, those parties will also assume all the duties and obligations required under this Order.

23. Within thirty (30) days after the final termination of this Litigation, including any appeals, each counsel shall at the option of the disclosing party either return all Confidential Discovery Material in his possession, custody or control, and all copies, portions, summaries, or abstracts thereof to counsel for the disclosing party or shall certify destruction thereof, provided, however, that counsel for a party may retain a file copy of work product created in connection with this Litigation that includes Confidential Discovery Material, but such work product shall continue to be kept confidential pursuant to this Stipulated Protective Order.

24. The Parties may jointly seek to amend or modify this Stipulated Protective Order subject to Court approval.

25. Notwithstanding any provision contained herein, nothing in this Stipulated Protective Order shall restrict in any way the right of a Party to make use of its own discovery material in any way it deems fit.

26. Nothing in this Stipulated Protective Order shall be deemed a waiver of any of the Parties' rights to oppose any discovery on any grounds or to object on

///

///

1 | any ground to the admission in evidence at any motion hearing or the trial of this
2 | Litigation of any matter discovered.
3 | DATED:  April 13, 2011                               /s/
4 |                                                Jacqueline Chooljian
5 |                                                UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## AGREEMENT TO BE BOUND BY STIPULATION AND ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL INFORMATION

I hereby certify that I have been provided with a copy of the Stipulation and Order Governing the Treatment of Confidential Information (the "Stipulated Protective Order") entered in the United States District Court for the Central District of California on _____, 2011 in the action titled *Magic Brothers Associate, Inc. v. Koi Group, Inc.*, C.A. No. CV-10-00973 VBF(JCx).

I have read the Stipulated Protective Order and I agree to be bound by its terms and conditions governing the disclosure of Confidential Discovery Material (as defined in the Stipulated Protective Order).

I hereby consent to the exercise of jurisdiction over me in the United States District Court for the Central District of California in connection with any proceedings relating to the Stipulated Protective Order, including but not limited to any action to enforce its terms and conditions.

Print name: _____

Firm/company: _____

Signature: _____

Dated: _____